## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| LARONDA PHOX, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 4:17-CV-00098-DGK |
| | ) | |
| VIRTUOSO SOURCING GROUP, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER REQUIRING PLAINTIFF TO PAY A FILING FEE IN FUTURE CASES

Before the Court are Plaintiff Laronda Phox's ("Phox") responses to the Court's Show Cause Orders (Docs. 17, 23). The Court finds Phox did not comply with the Court's orders. Based on the Court's finding that she has abused the in forma pauperis process by filing numerous meritless lawsuits, she is required to pay a filing fee in all future cases filed with the United States District Court for the Western District of Missouri.

### Background

Phox is no stranger to this Court. In the past sixteen years, she has filed fourteen civil lawsuits, eight in the last five years alone.

The Court, in consideration of its limited resources, became concerned with the number of seemingly meritless civil lawsuits filed by Phox in this District. On June 29, 2017, the Court ordered Phox to show cause why she should not be enjoined from filing future lawsuits in this District (Doc. 15). The Court directed Phox to submit a response listing every case she has filed in any court in the past twenty years, including the nature of the action, its disposition, and

whether she paid any filing fees in the action. Phox responded with a listing of the fourteen cases she has filed in this District but did not list any state court cases.[1]

Phox has proceeded *pro se* for all or at least some portion of every lawsuit she has filed in this District. Her earlier lawsuits alleged various forms of discrimination and wrongful termination. The subject matter of the most recent lawsuits involves financing and her credit report.

Of the fourteen cases, Phox paid a filing fee in only one, a case where Phox had legal representation during the earlier stages of the proceedings. In all other cases, Phox has requested leave to file in forma pauperis. In almost every case, she has been granted leave to file without payment of fees either initially or upon motion for reconsideration.

In three cases, her motion to file in forma pauperis was denied because the court found she did not meet the threshold of stating a non-frivolous claim under 28 U.S.C. § 1915(e)(2)(B). *See Phox v. Ctr. for Mgmt. Assistance*, 4:01-CV-00930-SOW (W.D. Mo. Sep. 27, 2001), ECF No. 4 (finding no facts to establish court had jurisdiction because Phox had not demonstrated she had exhausted the administrative procedures); *Phox v. Excelsior Springs Job Corps*, 4:05-CV-01294-RED (W.D. Mo. Jan. 17, 2006) (in forma pauperis granted to the extent the court could review the complaint and determining the court lacked subject matter jurisdiction), ECF No. 4; *Phox v. Nat'l Mktg. Res.*, 4:08-CV-00202-FJG (W.D. Mo. Mar. 24, 2008), ECF No. 5 (finding plaintiff's case was frivolous and failed to state a claim).

Cases that progressed past Phox's motion to file in forma pauperis were generally resolved through summary judgment for the defendant or dismissed for Phox's failure to state a claim. Phox appealed three of those cases to the Eighth Circuit, which affirmed the district

---

[1] The Court's cursory review of Case.net, the Missouri state court docketing system, reveals Phox has filed cases in state court.

courts' rulings. The three cases she filed in 2012, against Capital One Auto Finance, Resurgent Capital Services, LP, and Allstate Insurance Company, settled.

In a case against George E. Fern Co., the court barred her from any further filings in that matter after finding she filed numerous frivolous allegations and made baseless accusations against many of the individuals associated with the case. *Phox v. George E. Fern Co.*, 10-0536-CV-W-DW (W.D. Mo. July 9, 2013), ECF Nos. 296, 371. In that case, the court found her various deficient filings "delayed resolution of the case and imposed a significant burden on judicial resources." *Phox v. George E. Fern Co.*, 10-0536-CV-W-DW (W.D. Mo. July 9, 2013), ECF No. 296.

In a case filed on March 4, 2016, she alleges Virtuoso Sourcing Group, LLC, the same defendant in this case, accessed her credit report without a permissible purpose and "learned information about her"—an allegation similar to the one she makes in this case. *Phox v. Virtoso Sourcing Grp.*, No. 4:16-CV-00190-BCW, ECF No. 1-1 at 2. The court granted in part Phox's request to file without payment of fees and ordered a reduced filing fee of $200.00. Phox filed a motion for reconsideration of that decision, which the court denied. *Id.*, ECF No. 8. On June 6, 2016, Phox withdrew her complaint in that case, and on February 9, 2017, Phox filed this lawsuit.

## Discussion

28 U.S.C. § 1915 states "[a]ny court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor." (emphasis added) As permitted under this statute, the Western District of Missouri has adopted Local Rule 83.7, which states "[a]n individual may request leave to commence a civil action without being required to

prepay fees or costs by filing with the complaint an affidavit requesting leave to proceed in forma pauperis." L.R. 83.7.

Paupers filing *pro se* petitions are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, (1989). "The goal of fairly dispensing justice, however, is compromised when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991). *Pro se* litigants have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not constrained by the financial considerations of filing lawsuits. In order to prevent frivolous lawsuits from disrupting the fair administration of justice, "the Court has a duty to deny in forma pauperis status to those individuals who have abused the system." *Id.*

Here, the Court finds Phox has not complied with its Order requiring her to provide a listing of every lawsuit she has filed in the last twenty years. Her responses to the show cause orders only list federal cases filed in this district, but she has filed cases in state court as well.

Next, the Court finds Phox's frequent filing of meritless lawsuits imposes a significant burden on the judicial resources of this District. A review of her complaints filed in the fourteen cases in this District reveal her allegations are generally conclusory statements that are unsupported by sufficient facts to meet the pleading standards set forth in the Federal Rules of Civil Procedure. Even looking past her initial complaint, once she initiates a lawsuit, she files numerous, repetitious, and often times, meritless motions.

The resources required by the clerk's office and the Court to address her filings warrants some limit on filing future lawsuits. The Court considered banning Phox from filing any future lawsuits in this district, but at this time is hesitant to impose such a sanction. Instead, the Court will require Phox to pay a filing fee in all future cases filed in this District.

The Court believes requiring Phox to pay the full filing fee in all future cases strikes a fair balance between access to the courts and conserving judicial resources. This requirement does not apply to complaints that specifically allege constitutional deprivation by reason of physical harm or threats to Phox's person. *See Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980). In those cases, Phox may apply for in forma pauperis status.

### Conclusion

It is ORDERED that Phox is required to pay the full filing fee in all future cases filed with the United States District Court for the Western District of Missouri, subject to the exception above.

The Clerk of Court is directed not to accept for filing any complaint from Phox without prepayment of the filing fee, and to return to Phox any complaint seeking leave to file or proceed in forma pauperis under 28 U.S.C. § 1915, except for complaints that specifically allege constitutional deprivation by reason of physical harm or threats to Phox's person.

**IT IS SO ORDERED.**

Date:  September 21, 2017                /s/ Greg Kays                         
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT