# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LARONDA PHOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00098-DGK |
| | ) |
| VIRTUOSO SOURCING GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case involves allegations of improperly accessing Plaintiff's credit report. Plaintiff LaRonda Phox ("Phox") alleges Defendant Virtuoso Sourcing Group, LLC ("Virtuoso") accessed her credit report without her permission and was not otherwise entitled to do so. Phox, proceeding *pro se*, filed a two-count lawsuit alleging Virtuoso violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

Now before the Court is Virtuoso's Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted (Doc. 10). Finding Phox failed to plead all of the required elements for a claim under either statute, the Court GRANTS Virtuoso's Motion to Dismiss.

## Background

On March 17, 2017, the Court granted Phox's motion to proceed in forma pauperis and her complaint was filed, initiating this lawsuit against Virtuoso. While her complaint does not formally allege any violations of a particular law, it suggests Virtuoso violated portions of the FCRA and FDCPA. The complaint states: "[t]he Defendants accessed my credit bureau report

without my permission" and "[t]he Defendants found out information about me, for which they were not entitled to." *See* (Doc 6 at 1).

In Phox's memorandum opposing the motion to dismiss, she attempts to clarify her complaint by stating additional facts supporting her claim including:

> Prior to this action, Plaintiff was disputing a debt which Sprint claimed she owed. As a result of this debt, Virtuoso, a debt collector, willfully and negligently accessed her credit report without permissible purposes. Furthermore, Plaintiff alleges that she never had any contact or business with Virtuoso. Due to this, Plaintiff alleges Virtuoso violated the FDCPA and the FCRA.

(Doc. 13 at 1).

Virtuoso argues Phox's complaint should be dismissed for failing to state a claim and that it violates Rule 8(a)(2) of the Federal Rules of Civil Procedure depriving them of proper notice of the claims asserted against them. Fed. R. Civ. P. 8(a)(2).

## Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than label and conclusions, and

formulaic recitations of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2009).

## Discussion

Phox's complaint does not meet the pleading standard under the Federal Rules of Civil Procedure, fails to state a claim under either the FCRA or the FDCPA.

### A. Phox's complaint fails to meet the requirements of Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).

Phox's complaint contains two allegations: "[t]he Defendants accessed my credit bureau report without my permission" and "[t]he Defendants found out information about me, for which they were not entitled to." *See* (Doc 6 at 1). The complaint fails to include when these alleged actions took place, how they violated the FCRA and the FDCPA, and how these actions caused Phox to suffer. In reviewing the complaint, the Court finds it fails to meet the standard in Rule 8(a)(2) because it does not contain sufficient facts to show Phox is entitled to relief.

The Court normally would not consider facts alleged in a responsive memorandum, but even doing so, Phox still fails to meet the pleading standard articulated in Rule 8(a)(2). The additional facts stated in the responsive memorandum are not sufficient to support a claim for relief. The analysis could end here, but because Phox is *pro se*, the Court will consider whether her complaint, liberally construed, states a claim under the FCRA or the FDCPA.

**B. Phox's complaint fails to state a claim under the FCRA.**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Construing Phox's FCRA claim liberally, she alleges Virtuoso violated § 1681b(f) of the FCRA by obtaining her consumer report without a permissible purpose.

In order to establish a violation of the FCRA for obtaining a credit report without a permissible purpose, a plaintiff must prove (1) there was a consumer report; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir 2002), *abrogated on other grounds by Safeco Ins. Co. of Am.*, 551 U.S. 47 (2007). To be entitled to statutory damages, the plaintiff must also establish a defendant "willingly, knowingly, or recklessly violated [the FCRA]." *Poehl v. Countrywide Homes Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).

In reviewing her allegations, the Court finds Phox alleges elements one and two, but does not allege how Virtuoso accessed her report without a statutory purpose or that it acted in a willful or negligent manner.[1] Thus, the Court finds Phox failed to allege sufficient facts to state a claim under the FCRA.

**C. Phox's complaint fails to state a claim under the FDCPA.**

The FDCPA was enacted to prevent abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692(a)-(e). To state a prima facie case under the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the debt

---

[1] In Phox's memorandum in opposition, she states Virtuoso acted in a negligent and willful manner, but fails to allege specific actions. Phox is required to allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Even if the Court considered the allegations made in her memorandum in opposition, her bare assertion that Virtuoso acted in a negligent and willful manner does not meet the required pleading standard.

collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011).

Phox alleges elements one and two, but does not allege Virtuoso attempted to collect a debt from her and that its actions violated the FDCPA. Therefore, the Court finds Phox failed state a claim under the FDCPA.

## Conclusion

For the reasons discussed above, Virtuoso's Motion to Dismiss (Doc. 10) is GRANTED and Phox's complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  September 22, 2017                /s/ Greg Kays
                                                                       GREG KAYS, CHIEF JUDGE
                                                                       UNITED STATES DISTRICT COURT